# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOLLY TEGAN ZUNIGA-GRIFFIN,** | ) |
| Petitioner, | ) |
| v. | ) No. CIV 16-540-RAW-KEW |
| **ROB FRAZIER,** **Muskogee County Sheriff,**[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a pretrial detainee in the Muskogee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) and paid her filing fee. A review of the petition shows she is challenging her detention, a detainer, and the decision of the Muskogee County District Court in Case No. CF-2016-912. These claims are proper for this habeas corpus petition.

Petitioner also raises issues that are not proper for a habeas action. She alleges inhumane living conditions in the jail, negligent medical care by the jail medical staff, and mistreatment of inmates by jail staff. These claims regarding the conditions of confinement in the jail must be presented in a separate civil rights complaint, pursuant to

---

[1] Because Petitioner is incarcerated in the Muskogee County Jail, the Muskogee County Sheriff is her custodian. *See Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (citing Okla. Stat. tit. 19, § 513; tit. 57, § 47) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, Rob Frazier, Muskogee County Sheriff, is substituted as the respondent in this case, and the case name is hereby changed to Holly Tegan Zuniga-Griffin, Petitioner v. Rob Frazier, Muskogee County Sheriff, Respondent. The Court Clerk is directed to note this substitution on the record.

42 U.S.C. § 1983. If Petitioner files a proper civil rights complaint, she also must complete and file with the complaint a new motion for leave to proceed *in forma pauperis* on the Court's form, or pay the $350.00 filing fee and $50.00 administrative fee. In addition, if Plaintiff files a § 1983 complaint, she may present only claims that are personal to her, and she may not present the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

**ACCORDINGLY,** Petitioner is directed to file an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the Court's form within twenty (20) days. The amended petition must include only claims that are proper for a habeas corpus petition, as discussed above. The Court Clerk is directed to send Petitioner the Court's form and instructions for filing a proper § 2241 habeas petition in this case. Failure to submit a proper amended habeas corpus petition as directed will result in dismissal of this action.

The Court Clerk is further directed to send Petitioner the Court's form and instructions for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, along with the Court's form and instructions for filing a motion to proceed *in forma pauperis* for a civil rights action. If Plaintiff wants to pursue her claims concerning the conditions of her confinement, she must file the complaint, along with the motion to proceed *in forma pauperis* or $400 for the filing fees.

**IT IS SO ORDERED** this 5th day of April, 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma